AO 451 (Rev. 12/12) Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 31 2024

JEFFREY P. COLWELL
CLERK

| Burton W. Wiand | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 8:21-cv-360-JLB-CPT |
| Phillip and Joyce Bach Revocable Trust, et al. | ) |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* 02/22/2024.

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: 10/16/24

CLERK OF COURT

*[signature]*
Signature of Clerk or Deputy Clerk

Case 8:21-cv-00360-JLB-CPT   Document 542   Filed 02/22/24   Page 1 of 3 PageID 3192

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BURTON W. WIAND, as Receiver
for EquiAlt LLC, EquiAlt Fund,
LLC, EquiAlt Fund II, LLC, EquiAlt
Fund III, EA SIP, LLC,

      Plaintiff,

v.                                Case No: 8:21-cv-360-JLB-CPT

TERRY BALLARD, DAVID
BLITZ, ROLAND BOHRER,
BUCKEYE SPORTS & FAMILY
CHIROPRACTIC CENTER, INC.,
SANDRA CABLE, MIKHAIL
CHERNER, LINDA CLAWSON,
EDMUNDO COTAS, GLENN
DAVIS, JILL DAVIS, ERIC
DRINKWATER, VIRGINIA
FURNESS, LANCE GILBERT,
RICHARD HULL, MARILYN
LAMBE, RAYMOND LEMBERG,
WANDA MATHIAS, CARROL
MAURO, KAREN O'CONNOR,
MARGARET OGTONG, NYDIA
PALOMINO, SUDHAKER PATEL,
JYOTIHKA PATEL, JANICE
PERRY, MICHAEL POWERS,
FRANK PRESTIGIOVANNI,
PETER REILLY, JOSEPHINE
REYNOLDS, BECKY
ROHRBACKER, ROSE RYBICKI,
GARY SHIDAKER, KATHRYN
SHIVELY, ROBERT SLAGOSKE,
DAWN STALLMO, SCOTT
STALLMO, KAREN SUTER-
BRADY, TUDOR FAMILY
LIVING TRUST, DAVID

WAXMAN, KATHY WILCOX, and
ROBRICK WRIGHT,

                Defendants.

## DEFAULT JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that judgment is entered against Sandra Cable in the amount of $7,066.42 plus $3,249.66 in prejudgment interest through 02/19/2024.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: February 22, 2024

                              ELIZABETH M. WARREN,
                              CLERK

                              s/M. Bowman, Deputy Clerk

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

## CIVIL APPEALS JURISDICTION CHECKLIST

1. **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2. **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3. **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4. **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).



Johnson, Newlon & DeCort, P.A.
3242 Henderson Blvd. Suite 210
Tampa, Florida 33609

9589 0710 5270 0906 1515 44

Clerk of the Court, United States District Court
District of Colorado
Alfred A. Arraj Courthouse
901 19th Street
Denver, CO 90284

8029482501 CO44



B99232.12

$9.92 0
US POSTAGE
FIRST-CLASS
062S0008925802
FROM 33609

CERTIFIED MAIL®

9589 0710 5270 0906 1515 51

$9.92 0
US POSTAGE
FIRST-CLASS
063S0008925802
FROM 33609
B99232.18

J N D
Johnson, Ne… …lon & DeCort, P.A.
3242 Henderson Bl… …d. Suite 210
Tampa, Florida 33609

E.O.I.R.
IMMIGRATION COURT
OCT 28 2024
DENVER, CO

Clerk of the Court (Ethan)
United States District Court, Dist. of Colorado
Alfred A. Arraj Courthouse
901 19th Street
Denver, CO 90284

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE