

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell, *Clerk*

Phone: (303) 844-3433

09/25/2024

Johnson, Newlon & Decort, P.A
3242 Henderson BLVD, Suite 210
Tampa, Florida 33609

Document Received: Check for $52.00, Check #5405

We are returning the enclosed check or money order to you for the following reason(s):

☐ The item is not made payable to "Clerk, United States Court" or "U.S. District Court."

☐ The item has an invalid date.

☐ The item is damaged or illegible.

☑ Other reason: Foreign Judgment was not certified, thus we are unable to process and register a foreign judgment in our District

Respectfully,

JEFFREY P. COLWELL
Clerk of Court

Deputy Clerk

# JOHNSON, NEWLON & DECORT

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 07 2024

JEFFREY P. COLWELL
CLERK

Katherine C. Donlon
Partner

Email: kdonlon@jnd-law.com
Direct Dial: 813-291-3300

October 2, 2024

**VIA CERTIFIED MAIL**
Clerk of the Court, United States District Court
District of Colorado
Alfred A. Arraj Courthouse
901 19th Street
Denver, CO 90284

      **Re:**   **Miscellaneous Filing of Foreign Judgment**
              **Wiand v. Terry Ballard, et al.,**
              **Case Number 8:21-cv-00360-JLB-CPT (M.D. Fla.)**

Dear Clerk,

      On or about September 20, 2024, I sent to the Clerk a Form AO451(Clerk's Certification of Foreign Judgment in Another District), along with a Firm check (No. 5405) in the amount of $52.00 to register the foreign judgment referenced below with the U.S.D.C. – District of Colorado.

- Judgment in a Civil Case against Defendant, Sandra Cable, Doc # 542, filed on February 22, 2024.

      The check was returned to me along with correspondence indicating that the Court requires a certified copy of the actual judgment document, and not just the Form AO451. As such, enclosed please find a certified copy of the judgment (with clerk's stamp and seal), along with the check referenced above for payment of the fee. Please register this foreign judgment and return an acknowledgement/receipt in the self-addressed stamped envelope which has been provided.

3242 Henderson Boulevard, Suite 210, Tampa, Florida 33609 | Main Office: 813-699-4859

Clerk of the Court, United States District Court
District of Colorado
October 2, 2024
Page 2

Should you need anything further, please do not hesitate to contact me.

Very truly yours,

JOHNSON, NEWLON & DECORT, P.A.

*/s/ Katherine C. Donlon*

Katherine C. Donlon

KCD/mh
Enclosure(s)

# JOHNSON, NEWLON & DECORT

Katherine C. Donlon
Partner

Email: kdonlon@jnd-law.com
Direct Dial: 813-291-3300

October 18, 2024

**VIA CERTIFIED MAIL**
Clerk of the Court (Ethan)
United States District Court, Dist. of Colorado
Alfred A. Arraj Courthouse
901 19th Street
Denver, CO  90284

Re:   **Miscellaneous Filing of Foreign Judgment**
      **Wiand v. Terry Ballard, et al.,**
      **Case Number 8:21-cv-00360-JLB-CPT (M.D. Fla.)**

Dear Clerk,

On or about September 20, 2024, I sent to the Clerk a Form AO451(Clerk's Certification of Foreign Judgment in Another District), along with a Firm check (No. 5405) in the amount of $52.00 to register the foreign judgment referenced below with the U.S.D.C. – District of Colorado.

- Judgment in a Civil Case against Defendant, Sandra Cable, Doc # 542, filed on February 22, 2024.

Shortly thereafter, the check was returned to me along with correspondence indicating that the Court requires a certified copy of the actual judgment document, and not just the Form AO451. Thus, on or about October 2, 2024, a certified copy of the judgment (with clerk's stamp and seal), along with the previously submitted check (referenced above) was sent to the Clerk of the Court. On October 11, 2024, the Clerk's office called the attorney of record, Katherine Donlon, to advise that the certified judgment and check had been received, however the AO451 form was not included. After a discussion with Ethan in the Clerk's office, it was surmised that the AO451 form was indeed missing.

Therefore, I enclose a newly certified copy of **both** the AO451 form **and** the foreign judgment that we would like registered in the District of Colorado. I am also sending back our Firm check no. 5405 for payment of the registration fee, as well as a self-addressed stamped envelope for return of a receipt and/or confirmation of registration of the judgment.

Clerk of the Court, United States District Court
District of Colorado
October 18, 2024
Page 2

Should you need anything further, please do not hesitate to contact me.

Very truly yours,

JOHNSON, NEWLON & DECORT, P.A.

*/s/ Katherine C. Donlon*

Katherine C. Donlon

KCD/mh
Enclosure(s)

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

BURTON W. WIAND, as Receiver
for EquiAlt LLC, EquiAlt Fund,
LLC, EquiAlt Fund II, LLC, EquiAlt
Fund III, EA SIP, LLC,

        Plaintiff,

v.

Case No: 8:21-cv-360-JLB-CPT

TERRY BALLARD, DAVID
BLITZ, ROLAND BOHRER,
BUCKEYE SPORTS & FAMILY
CHIROPRACTIC CENTER, INC.,
SANDRA CABLE, MIKHAIL
CHERNER, LINDA CLAWSON,
EDMUNDO COTAS, GLENN
DAVIS, JILL DAVIS, ERIC
DRINKWATER, VIRGINIA
FURNESS, LANCE GILBERT,
RICHARD HULL, MARILYN
LAMBE, RAYMOND LEMBERG,
WANDA MATHIAS, CARROL
MAURO, KAREN O'CONNOR,
MARGARET OGTONG, NYDIA
PALOMINO, SUDHAKER PATEL,
JYOTIHKA PATEL, JANICE
PERRY, MICHAEL POWERS,
FRANK PRESTIGIOVANNI,
PETER REILLY, JOSEPHINE
REYNOLDS, BECKY
ROHRBACKER, ROSE RYBICKI,
GARY SHIDAKER, KATHRYN
SHIVELY, ROBERT SLAGOSKE,
DAWN STALLMO, SCOTT
STALLMO, KAREN SUTER-
BRADY, TUDOR FAMILY
LIVING TRUST, DAVID

I CERTIFY THE FOREGOING TO BE A TRUE
AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____ DEPUTY CLERK
PRINT NAME  Julia Bardak

**WAXMAN, KATHY WILCOX, and ROBRICK WRIGHT,**

        Defendants.

---

## DEFAULT JUDGMENT IN A CIVIL CASE

**Decision by Court.** This action came before the Court and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that judgment is entered against Sandra Cable in the amount of $7,066.42 plus $3,249.66 in prejudgment interest through 02/19/2024.

**Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida.**

Date: February 22, 2024

                ELIZABETH M. WARREN,
                CLERK

                s/M. Bowman, Deputy Clerk

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders**: Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a) **Appeals from final orders pursuant to 28 U.S.C. Section 1291**: Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C. Section 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. V. Mestre, 701 F.2d 1365, 1368 (11th Cir. 1983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. Section 636(c).

    (b) **In cases involving multiple parties or multiple claims**, a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b), Williams v. Bishop, 732 F.2d 885, 885-86 (11th Cir. 1984). A judgment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 201, 108 S. Ct. 1717, 1721-22, 100 L.Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c) **Appeals pursuant to 28 U.S.C. Section 1292(a)**: Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions..." and from "[i]nterlocutory decrees...determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d) **Appeals pursuant to 28 U.S.C. Section 1292(b) and Fed.R.App.P.5**: The certification specified in 28 U.S.C. Section 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e) **Appeals pursuant to judicially created exceptions to the finality rule**: Limited exceptions are discussed in cases including, but not limited to: Cohen V. Beneficial Indus. Loan Corp., 337 U.S. 541,546,69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F. 2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S. Ct. 308, 312, 13 L.Ed.2d 199 (1964).

2.  **Time for Filing:** The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P.4(a) and (c) set the following time limits:

    (a) **Fed.R.App.P. 4(a)(1)**: A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD - no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

    (b) **Fed.R.App.P. 4(a)(3)**: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

    (c) **Fed.R.App.P.4(a)(4)**: If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

    (d) **Fed.R.App.P.4(a)(5) and 4(a)(6)**: Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

    (e) **Fed.R.App.P.4(c)**: If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. Section 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal**: Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal**: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).